UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NATIONAL INFUSION CENTER ASSOCIATION *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, in his official capacity as Secretary of the Department of Health and Human Services, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-00707 |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO VACATE SCHEDULING ORDER**

Defendants filed a timely motion to dismiss 60 days after service of the complaint. *See* ECF No. 39 (Defs.' Mot.); Fed. R. Civ. P. 12(a)(2), (b). That motion raises threshold issues of jurisdiction and venue, and should be decided at the outset. For that reason, Defendants filed a short scheduling motion requesting that the Court pause further summary-judgment briefing while the Court adjudicates Defendants' motion to dismiss. In response, Plaintiffs filed a 10-page opposition and a declaration and accompanying exhibit totalling an additional 18 pages. *See* ECF No. 41 (Pls.' Opp'n.). Because Plaintiffs request that the Court "expeditiously resolve" Defendants' scheduling motion, *id.* at 1, Defendants do not attempt to offer a point-by-point refutation of the many assertions raised in Plaintiffs' brief. But two points are worth clarifying.

First, there can be no serious dispute that Defendants' motion to dismiss was timely. Indeed, Plaintiffs do not refute that, pursuant to Federal Rule of Civil Procedure 12(a)(2), any responsive pleading was due on August 28, 2023—the date Defendants filed their motion. *See* Defs.' Mot. In a footnote, Plaintiffs nonetheless maintain that Defendants' assertion regarding the timeliness of their motion is "misplaced." Pls.' Opp'n at 6 n.2. Plaintiffs offer two reasons, neither of which has merit.

They first note that the parties previously "agreed that the Government need not file an answer," which Plaintiff interpreted to mean that the "government thus had no 'deadline to answer or otherwise respond to the complaint' to meet." *Id.* But if, as Plaintiffs maintain, there was simply *no* deadline by which Defendants were required to file their motion to dismiss, that motion would not be tardy—especially when it was filed within 60 days of service. Attempting to evade this conclusion, Plaintiffs resort to claiming that Defendants' "motion to dismiss was untimely" because of the parties' previous scheduling agreement. *Id.* But Plaintiffs cite no rule or provision of the scheduling order that would render the motion untimely. Similarly, nothing in the parties' joint scheduling proposal purported to waive Defendants' right to assert jurisdictional defenses, challenge venue, or timely identify any other deficiencies in Plaintiffs' complaint. *See* ECF No. 33 (agreeing "that this case presents legal questions that can properly be resolved through dispositive motions, without the need for discovery," and that the parties "intend[ed] to file cross-motions for summary judgment," but making no mention of Defendants' right to file a Rule 12 motion). Accordingly, because Defendants complied with Rule 12, their motion to dismiss is timely.[1] And, for the reasons set forth in their scheduling motion, *see* ECF No. 40, Defendants' motion to dismiss should be adjudicated before the parties proceed with further summary-judgment briefing.

Second, there is no basis for the Court to entertain Plaintiffs' suggestion to "strike or deny" Defendants' motion to dismiss. Pls. Opp'n at 1. As noted above, that motion was timely. And Plaintiffs do not contend that the motion is without merit. *See id.* at 8 n.4 (addressing Defendants' standing argument but saying nothing of Defendants' other jurisdictional argument or their assertion that venue is improper here). To the extent Plaintiffs wish to argue that Defendants' motion to dismiss should be denied, they can do so in their forthcoming opposition to that motion, due on September 11, 2023.

---

[1] The fact that Defendants' motion to dismiss was timely distinguishes this case from most (if not all) of those cited by Plaintiffs in which courts declined to amend a scheduling order. *See, e.g., Ogden v. Cozumel, Inc.*, No. A-18-CV-00358-DAE-SH, 2019 WL 5080370, at *1 (W.D. Tex. Oct. 10, 2019) (rejecting plaintiff's attempt to modify scheduling order and file motion for partial summary judgment after "the deadline for dispositive motions [had] expired more than four months" earlier); *R.J. Reynolds Tobacco Co. v. FDA*, No. 6:20-CV-00176, 2022 WL 17489170, at *11 (E.D. Tex. Dec. 7, 2022) (stating that defendants "first objected to venue over 12 weeks after service of the complaint").

And, to the extent they assert there is a basis to strike that motion—and there is not—they should request (and justify) that extraordinary relief in an actual motion.[2]

Contrary to Plaintiffs' suggestion, a timely adjudication of the scheduling motion and the motion to dismiss would facilitate—not frustrate—expeditious resolution of this matter, including those jurisdictional defenses and venue objections raised in Defendants' motion to dismiss. Accordingly, for the reasons set forth above and for those described in Defendants' scheduling motion, ECF No. 40, additional merits briefing should be paused while the parties brief and the Court evaluates Defendants' motion to dismiss. Further, the Court should decline to entertain Plaintiffs' procedurally improper request to "strike or deny" Defendants' motion to dismiss.

Date: September 1, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAIME ESPARZA
United States Attorney

MICHELLE R. BENNETT
Assistant Branch Director

*/s/ Christine L. Coogle*
STEPHEN M. PEZZI
 Senior Trial Counsel
CHRISTINE L. COOGLE
ALEXANDER V. SVERDLOV
 Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(202) 880-0282
christine.l.coogle@usdoj.gov

*Counsel for Defendants*

---

[2] Similarly, to the extent Plaintiffs are seeking a six-week extension of their deadline to respond to Defendants' motion to dismiss, *see* Pls.' Opp'n at 10, they should set forth in a separate motion why it is that they assert a month-and-a-half delay would "expedite resolution of this dispute," *id.* at 1.