IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NATIONAL INFUSION CENTER ASSOCIATION, *on behalf of itself and its members*, et al., | § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | 1:23-CV-707-RP |
| XAVIER BECERRA, *in his official capacity as Secretary of the U.S. Department of Health and Human Services*, et al., | | |
| Defendants. | | |

## ORDER

Before the Court is Defendant U.S. Department of Health and Human Services, et al.'s ("HHS") Motion to Vacate the Court's scheduling order. (Dkt. 40). In its motion, HHS requests that the Court vacate an order requiring it to file a cross-motion for summary judgment and response in opposition on or before September 29, 2023. (Order, Dkt. 34). Plaintiffs National Infusion Center Association, et al. ("Plaintiffs") oppose the motion, arguing that it will give HHS an unfair litigation advantage, that HHS has already agreed to the scheduling order, and that HHS has not shown good cause. (Pls.' Resp., Dkt. 41). Having considered the parties' briefing, the record, and the relevant law, the Court will grant HHS's motion.

A scheduling order may "be modified only for good cause." Fed. R. Civ. P. 16(b)(4). There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), *as revised* (Jan. 29, 2019), *as revised* (Feb. 14, 2019).

HHS has adequately explained why it should not have to comply with the scheduling order. Prior to Plaintiffs' summary judgment motion, HHS did not fully realize that venue was allegedly deficient. (Mot. Vacate, Dkt. 40, at 5). Plaintiffs contest this—arguing that jurisdiction depends on the complaint, and therefore should not be affected by summary judgment motions. (Pls.' Resp., Dkt. 41, at 5–6). While jurisdiction and venue are be based on the complaint, that does not preclude another party from realizing its deficiency only upon later filings. That is particularly the case with venue, which in this case appears to hinge upon the presence of only one plaintiff in the district. (Mot. Dismiss, Dkt. 39). Here, the motion to dismiss was timely filed within HHS's responsive pleading deadline. It was not unreasonable for HHS to theorize new defenses after agreeing to the scheduling order but before its responsive pleading was due.

Second, the modification will promote judicial efficiency. "[D]isposition of [a venue-related motion] should . . . take[] a top priority in the handling of [a] case." *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003); *see also In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a [venue-related] motion, disposing of that motion should unquestionably take top priority."). Regardless of whether the scheduling order is vacated, this Court must resolve the motion to dismiss before reaching summary judgment. If the Court finds that subject-matter jurisdiction or venue is deficient, then the summary judgment briefing will become moot, and the parties and this Court will have needlessly spent time reviewing those issues.[1] Because the motion to dismiss was timely filed, vacating the scheduling order will avoid potentially unnecessary briefing.

---

[1] Plaintiffs argue that it will not promote judicial efficiency to potentially moot its summary judgment order when it has already filed several depositions in support of that motion. (Pls.' Resp., Dkt. 41, at 7). But if the motion to dismiss is granted, the summary judgment motion will become moot regardless of whether HHS has filed a response. The Court cannot reach the merits of a summary judgment motion unless it has subject-matter jurisdiction over the case. The possibility of mootness is an inherent risk to filing a summary judgment motion at the outset of a case. That possible inefficiency is not cured simply by making HHS also file a potentially moot motion.

Third, the prejudice to Plaintiffs is comparatively small. Plaintiffs argue that HHS will gain an unfair advantage by seeing Plaintiffs' motion for summary judgment but being able to wait several months before filing a response. (Pls.' Resp., Dkt. 41). But the scheduling order already contemplates a near two-month period for HHS to file its response. (Order, Dkt. 34). There is little reason to believe that HHS will gain a litigation advantage by waiting three or four months to file a response instead of two months. Nor will the litigation be substantially delayed, as Plaintiffs' motion for summary judgment will remain pending and will be addressed with the same timeframe regardless of the timing of HHS's response. HHS, meanwhile, will suffer prejudice if forced to respond to a summary judgment motion when jurisdiction and venue are lacking.[2]

Finally, Plaintiffs characterize HHS's motion as a "result of [its] own choices." (Pls.' Resp., Dkt. 41, at 7). HHS did choose to enter into the joint scheduling order. But that is true for nearly every joint scheduling order. To deny the motion to vacate on these grounds would be to punish HHS for its willingness to work with Plaintiffs to agree to a joint scheduling order. The question remains whether "good cause" exists to modify the scheduling order. Fed. R. Civ. P. 16(b)(4). Here, the Court has found that good cause exists, and it will grant the motion to vacate.[3]

---

[2] In particular, Rule 56(d) normally allows a defendant to defer an unripe motion for summary judgment. "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the [C]ourt may . . . defer considering the motion or deny it[.]" Fed. R. Civ. P. 56(d). Rule 56(d) motions are "broadly favored and should be liberally granted." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). Although HHS has not filed a Rule 56(d) motion, the principles are the same in that responses to summary judgment should ordinarily be made only upon a complete and clear record. That is not the case if jurisdiction and venue are unclear, especially if Plaintiffs have not yet told HHS who particular members of their associations are.

[3] The fourth factor, the availability of a continuance, is inapplicable here, where HHS effectively seeks a continuance.

**IT IS ORDERED** that the motion to **VACATE**, (Dkt. 40), is **GRANTED**. The scheduling order entered on August 2, 2023, (Dkt. 34), is **VACATED**.

HHS's response and cross-motion for summary judgment shall be due within 14 days of this Court's order on its motion to dismiss, (Dkt. 39).

**SIGNED** on September 11, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE