IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NATIONAL INFUSION CENTER ASSOCIATION *et al.*,<br><br>      Plaintiffs,<br><br>vs.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>      Defendants. | Civil Action No. 1:23-cv-00707 |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit *FCC v. Consumers' Research*, 606 U.S. __ (June 27, 2025) ("Op."). While the Supreme Court reversed the Fifth Circuit, it reinforced longstanding nondelegation principles that the IRA contravenes.

The Court reiterated the settled precept that, to permissibly delegate authority to an agency, "Congress [must] provide[] sufficient standards to enable both *the courts* and the public to ascertain whether the agency has followed the law." Op.11 (cleaned up) (emphasis added). In that regard, the Supreme Court reaffirmed the significance of a "reviewing court['s]" ability to "possibly invalidate any [agency] action." *Consumers' Rsch. v. FCC*, 109 F.4th 743, 767 (5th Cir. 2024). As Justice Kavanaugh noted, "concerns about expansive delegations [are] substantially mitigated by this Court's recent case law" confirming courts' primary role in "determining the limits of the statutory text." Op. (Kavanaugh, J., concurring at 7-8) (citing *Loper Bright Enterprises* v. *Raimondo*, 603 U. S. 369, 394–396, 404 (2024), and *West Virginia v. EPA*, 597 U. S. 697, 721–724 (2022)). Unlike the Communications Act provision in *Consumers' Research*, however, the IRA *precludes* judicial review. *See* Dkt.60 at 15-18; Dkt.85 at 3-9.

1

Accordingly, rather than favoring the IRA, if anything, *Consumers' Research* accentuates the unconstitutionality of the statute's unchecked delegation.

Similarly, the Supreme Court's reasoning in rejecting the Fifth Circuit's concerns about the "combination" of delegations in the Communications Act underscores the nondelegation problem created by the IRA's unique combination of features. The Communications Act delegates authority to an agency which then subdelegated authority to a private entity. The Supreme Court held that this "combination" does not cross "a constitutional line" because "the two layers of" delegation do not "operate[] on a single axis with the one exacerbating . . . the other." Op.35-36.

By contrast, the IRA falls on the other side of that line. The IRA does not combine two separate, independently lawful delegations to separate entities; it creates a single delegation that combines multiple features (operating on a "single axis") that together "exacerbat[e]" the structural harm. The statute grants broad discretion to set drug prices, then amplifies that discretion by foreclosing public input and judicial review. *See* Dkt.85 at 3-10. *Consumers' Research* thus emphasizes why the IRA's unprecedented combination of features creates the rare violation of the nondelegation doctrine.

Dated: July 2, 2025

Respectfully submitted,

/s/ Michael Kolber
Michael Kolber* (New York Bar No. 4806527)
MANATT, PHELPS & PHILLIPS LLP
7 Times Square
New York, NY 10036
(212) 790-4568
mkolber@manatt.com

Megan Thibert-Ind* (Illinois Bar No. 6290904)
MANATT, PHELPS & PHILLIPS LLP
151 N. Franklin St. Suite 2600
Chicago, IL 60606
(312) 477-4799
mthibert-ind@manatt.com

*Admitted Pro Hac Vice

Counsel for Plaintiff Global Colon Cancer Association

/s/ Tim Cleveland
Tim Cleveland (Texas Bar No. 24055318)
Austin Krist (Texas Bar No. 24106170)
Ibituroko-Emi Lawson (Texas Bar No. 24113443)
Lourdes Ortiz (Texas Bar No. 24116316)
CLEVELAND KRIST LLC
303 Camp Craft Road, Suite 325
Austin, TX 78746
(512) 689-8698
tcleveland@clevelandkrist.com

Counsel for Plaintiff National Infusion Center Association

/s/ Allissa Pollard
Allissa Pollard (Texas Bar No. 24065915)
ARNOLD & PORTER KAYE SCHOLER LLP
700 Louisiana Street, Suite 4000
Houston, TX 77002
(713) 576-2451
allissa.pollard@arnoldporter.com

Jeffrey Handwerker* (D.C. Bar No. 451913)
John Elwood* (D.C. Bar No. 452726)
Allon Kedem* (D.C. Bar No. 1009039)
William Perdue* (DC Bar No. 995365)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
jeffrey.handwerker@arnoldporter.com

*Admitted Pro Hac Vice

Counsel for Plaintiff Pharmaceutical Research and Manufacturers of America